## Parento Estate

*Abraham J. Gafni,* for accountants.

*Michael Minkin,* for Commonwealth.

SHOYER, J., January 25, 1972.—Jennie Parento, the testatrix, died May 14, 1970, not survived by a spouse, leaving a will dated March 10, 1954, a copy of which is attached, whereby she gave her son, Lawrence, and her daughter, Grace, her delicatessen business at 4445 N. 17th Street (not accounted for); gave premises 4445 N. 17th Street and household furniture and furnishings to her said son, Lawrence, and daughter, Grace; gave her one-third interest in premises 1701 Blavis Street, Philadelphia, to her daughter, Grace; gave her Frankford Grocery Company stock to Grace (none inventoried); $500 each to her five other children, namely Anthony, Joseph, Constantine, Michael and Mary; and $100 to St. Vincent's Catholic Seminary for masses for repose of her soul; and the residue to her son, Lawrence, and her daughter, Grace. All parties in interest are stated to be sui juris.

Letters Testamentary were granted on November 12, 1970, to Lawrence Parento and Grace Parento, the accountants, and proof of publication of the grant of the same is hereto annexed.

Payment of inheritance tax on August 4, 1971, in the sum of $191.14 was duly vouched.

Michael Minkin, Esquire, appeared for the Commonwealth claiming inheritance tax without prejudice to the right of the Commonwealth to pass on debts and deductions. The awards, hereinafter made, are subject thereto.

The $1,500 family exemption was claimed by Lawrence Parento and Grace Parento and credit is taken in the account for payment of $1,000 to them on account thereof.

It appears from the account that the only item of personalty is an insurance policy at a value of $175 and that sums aggregating $3,070.92 were advanced by the accountants to pay the debts and expenses of administration and family exemption. In the circumstances the balance real estate will be awarded to the devisees-accountants, in reimbursement of the advances, as above, and on account of the $500 balance of the family exemption owing to them and as devisees.

The appearance slip of counsel for the accountants' requests, inter alia, that the four cemetery plots, in Holy Sepulchre Cemetery (listed in the account at a value of $575) be awarded to the accountants in reimbursement of costs and as specifically devised. However, the advancements by the accountants may be recouped by them from the real estate specifically devised to them. The will does not expressly mention cemetery lots. The question arises as to whether or not they should pass under the residuary clause and be awarded to the two residuary legatees who are the accountants.

Section 14 (15) of the Wills Act of 1947, P. L. 89, 20 PS §180.14 (15), as amended in 1953, provides that "If in a will no express disposition or other mention is made of a cemetery lot owned by the

testator at his decease and wherein he or any member of his family is buried, the ownership of the lot shall not pass from his lawful heirs by a residuary or other general clause of the will but shall descend to his heirs as if he had died intestate." See Klein Estate, 429 Pa. 27.

In a letter to the court dated January 19, 1972, counsel for the accountants requests that the four cemetery lots in question be awarded to decedent's heirs at law, his children. The four cemetery lots will be so awarded.

There was no objection to the account which shows premises, 4445 N. 17th Street, Philadelphia, at a value of $2,800 which is awarded, together with insurance policy thereon, to Lawrence Parento and Grace Parento, their heirs and assigns, as tenants in common, subject to their advancements of $500 balance of family exemption.

Undivided one-third interest in premises 1701 Blavis Street, Philadelphia, at a value of $933.33 to Grace Parento, her heirs and assigns.

The testatrix's four cemetery plots in Holy Sepulchre Cemetery are awarded to Lawrence Parento, Grace Parento, Anthony Parento, Joseph Parento, Constantine Bandura, Michael Parento, and Mary Morris, at a value of $575.

There is no personal estate. Hence no award is made to St. Vincent's Seminary for masses.

Accountants are authorized to make the necessary transfers, as above.

A schedule of distribution to contain only a recital of the award of real property, described as provided in Rule *72 (b), and duly certified by counsel to be correct and in conformity with this adjudication, shall be submitted by the accountant to the Auditing Judge for approval within 90 days after the absolute

confirmation of the account. The schedule, when so approved and annexed hereto, will form a part hereof.

And now, January 25, 1972, the account is confirmed nisi.